UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MARKEISHA LAMAR**                                  **CIVIL ACTION**

**VERSUS**

                                                             **NO. 21-619-SDD-RLB**

**THE BURLINGTON INSURANCE
COMPANY, ET AL.**

## ORDER

Before the Court is Plaintiff's Motion for Expedited Consideration of Plaintiff's Motion for Remand. (R. Doc. 8).

This action involves a motor vehicle collision. On or about January 4, 2021, Markeisha Lamar ("Plaintiff"), individually and on behalf of her minor child, filed a Petition for Damages in the Eighteenth Judicial District Court naming as defendants Charles Riley, Blanchard's Building Materials, and Houston Specialty Insurance Company. (R. Doc. 1-1 at 5-9). Plaintiff filed a First Supplemental and Amending Petition for Damages naming The Burlington Insurance Company ("Burlington") as an additional defendant. (R. Doc. 1-1 at 25-69).

On October 28, 2021, Burlington removed this action asserting that the Court has diversity jurisdiction under 28 U.S.C. § 1332 and that all procedural requirements for removal have been satisfied. (R. Doc. 1). Among other things, Burlington asserts that on October 6, 2021, the State Court issued an Order of Dismissal with Reservation of Rights that "fully dismissed" Plaintiff's claims against the remaining defendants, rendering the non-diverse defendants Charles Riley and Blanchard's Building Materials, Inc. "nominal defendants" whose citizenships must be ignored for diversity jurisdiction purposes. (R. Doc. 1 at 3-8).

On November 3, 2021, Plaintiff filed a Motion to Remand arguing that the presence of the non-diverse defendants Charles Riley and Blanchard's Building Materials, Inc. destroys complete

diversity and removal was procedurally defective because those defendants failed to join in removal. (R. Doc. 7). Plaintiff simultaneously filed the instant motion, which seeks expedited consideration of the Motion to Remand in light of the jury trial set to commence on January 4, 2022 in State Court. (R. Doc. 8).

Having considered the record, including the issues raised by the Notice of Removal and the Motion to Remand, the Court will deny the instant motion for expedited consideration to the extent it seeks any shortened briefing period.

A motion to remand is a dispositive motion and cannot be ruled upon by a magistrate judge. *Davidson v. Georgia-Pacific, L.L.C.*, 819 F. 3d 765 (5th Cir. 2016). As Plaintiff's Motion to Remand has been referred to the undersigned, the undersigned must issue a Report and Recommendation, and the parties will be provided 14 days from the issuance of that Report and Recommendation to file any written objections to the undersigned's proposed findings of fact, conclusions of law, and recommendations. 28 U.S.C. § 636(b)(1). Only after the consideration of any timely filed objections will the district judge issue a ruling on Plaintiff's Motion to Remand.

Even if the district judge un-referred the instant motion for direct resolution, the relief sought by Plaintiff is unavailable considering the issues raised, the need to provide the Burlington with an opportunity to file an opposition, and the district judge's case load. The trial date set prior to removal is insufficient basis for the Court to find good cause to require expedited briefing under Local Rule 7(f) given the issues raised by this removal.

While the undersigned will address this matter once the motion to remand is fully briefed, the trial date set in State Court is less than two months from the date of this Order. In light of the current case load in this district, it would be unlikely that this could be resolved in advance of the trial date.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Expedited Consideration of Plaintiff's Motion for Remand (R. Doc. 8) is **DENIED**. Burlington shall file its response to Plaintiff's Motion to Remand (R. Doc. 7) within the time allowed by Local Rule 7(f).

Signed in Baton Rouge, Louisiana, on November 8, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**